UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  10-22699-CIV-MORENO**

LEONARD LIAS,

Plaintiff,

vs.

RUSSELL GALBUT, SONNY KAHN, BRUCE
MENIN, SK BUSINESS TRUST, RF BUSINESS
TRUST, MENIN 1998 FAMILY TRUST, and
SAUL SACK,

Defendants.

_____/

## ORDER DENYING MOTION FOR REMAND AND GRANTING MOTION TO DISMISS

THIS CAUSE came before the Court upon Plaintiff's Motion for Remand **(D.E. No. 10)**,

filed on **August 24, 2010** and Defendant's Motion to Dismiss **(D.E. No. 18)** filed on **September 10,**

**2011**.

THE COURT has considered the motions and the pertinent portions of the record, and being

otherwise fully advised in the premises, it is

**ADJUDGED** that the motion for remand is DENIED.  The Court finds there is diversity

jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1453.  It is also

**ADJUDGED** that Defendant's motion to dismiss is GRANTED and the case is dismissed

without prejudice.

### I. Background

Plaintiffs purchased condominium apartments in San Diego, California.  They claim the

developer and its marketing company provided an unconscionable contract and falsely advertised

the ultimate apartments would be bigger than they turned out to be.  Plaintiffs ask the Court to void

their contracts and provide them with money damages. All 290 Plaintiffs are residents of California and all seven Defendants are either residents of New York or Florida.

Defendants' position is that the Notice of Removal establishes the jurisdictional amount is met. Plaintiffs previously filed a complaint in the Southern District of California against the same defendants using the same facts to support four of the same claims. In that complaint, the Plaintiffs acknowledged the diversity jurisdiction of the federal court in the Southern District of California. The complaint in this case seeks to void the contracts for the purchase of the condominiums, which total $200 million in gross receipts. Defendants also show that in the related California lawsuit, the purported Class alleged that a proper damage calculation for the allegations would be to multiply the allegedly "lost" square feet by the number of apartments in the project, by the average price per square foot. Under this formula, Defendants establish damages in excess of $6 million. Finally, Defendants point out that in Count 2 of the Complaint, the fraud in the inducement claim, the Plaintiffs ask for "actual damages in an amount no less than $74,999 per Plaintiff and Class Member. There being 290 Plaintiffs, thus far, Defendant argues that count alone establishes damages in excess of $5 million.

In Plaintiffs' view, the Notice of Removal contained insufficient evidence to support diversity or class action jurisdiction. Specifically, Plaintiffs argue the Notice of Removal fails to establish that the jurisdictional amount is met.

## II. Legal Standard

A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage of the proceeding." *Univ. of So. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Courts are to construe the removal statutes

narrowly resolving uncertainties in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095

(11th Cir. 1994). Stemming from federalism principles is the removing defendants' burden to plead

the basis for federal jurisdiction. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006).

Defendant has the burden to show that by a preponderance of the evidence the amount-in-

controversy requirement is met. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th

Cir. 1996) (overruled on other grounds by *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000)).

Where, the plaintiff's complaint asserts a specific claim for less than the jurisdictional amount, a

defendant must "prove to a legal certainty" that the plaintiff will not recover below the jurisdictional

amount. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994).

### III. Legal Analysis

#### A. Motion for Remand

The Class Action Fairness Act broadens the federal courts' diversity jurisdiction over class

actions with interstate implications. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1329 (11th Cir.

2006) ("[T]he text of CAFA plainly expands federal jurisdiction over class actions and facilitates

their removal[.]"). CAFA provides federal courts with jurisdiction over class actions provided that:

the number of plaintiffs in all proposed plaintiff classes exceeds one hundred; any member of the

plaintiff class is diverse from any defendant; and the aggregate claims of the individual class

members exceeds $5 million, exclusive of interest and costs. *Lowery v. Alabama Power Co.*, 483

F.3d 1184, 1194 (11th Cir. 2007). The issue in this case is the jurisdictional amount as it is

undisputed that there is complete diversity of citizenship among the parties.

The burden of establishing the jurisdictional amount rests with the Defendants. *Id.*, 483 F.3d

at 1208. Where a Plaintiff does not specify damages in a complaint, the party seeking to invoke

federal diversity jurisdiction must show that the jurisdictional amount is met by a preponderance of

the evidence. *Id.*, 483 F.3d at 1209. Plaintiffs, in this case, however, have alleged damages under the jurisdictional amount, except for Count II, which is in excess of the jurisdictional amount. Where, the plaintiff's complaint asserts a specific claim for less than the jurisdictional amount, a defendant must "prove to a legal certainty" that the plaintiff will not recover below the jurisdictional amount. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994).

Putting aside that Count II of the complaint establishes damages in excess of the jurisdictional amount, the Notice of Removal establishes to a "legal certainty" that if successful, Plaintiffs would be entitled to damages in excess of the jurisdictional amount. First, the Defendant provided the Court with pleadings filed in California by the same Plaintiffs alleging the same causes of action that acknowledge federal diversity jurisdiction and allege damages in excess of the threshhold. Second, Defendant provided the Court with a very straight-forward damage calculation (i.e. price per square foot) to remedy Plaintiffs' claim that the apartments were smaller than promised. Finally, Defendants showed the proceeds from the contracts Plaintiffs seek to void are well in excess of the jurisdictional amount. Accordingly, the Court finds that the Notice of Removal was proper and denies the motion for remand.

### B. Defendants' Motion to Dismiss

Defendants filed a motion to dismiss on September 10, 2010 and a response has not been filed. Southern District of Florida Local Rule 7.1(c) requires a party opposing a motion to file a memorandum. Failure to do so may be deemed sufficient cause to the grant the motion by default. In this case, the Plaintiffs have had ample opportunity to respond to the motion to dismiss and have not done so.

Moreover, the Court agrees with the arguments raised in the Defendants' motion to dismiss.

The complaint is replete with conclusory allegations and Federal Rule of Civil Procedure 9(b) requires plaintiffs to plead fraud with particularity. The contract for the sale of the units at issue in this case is clear and the plaintiffs in the body of the contract acknowledge carefully reviewing and understanding all the provisions of the contract including that the square footage set forth in the marketing materials are approximate only and not reliable. Accordingly, the Court does not find the contract unconscionable as it contained clear warnings and urged buyers to read carefully and consult with an attorney before signing. Therefore, the Court grants the motion to dismiss.

DONE AND ORDERED in Chambers at Miami, Florida, this 31 day of January, 2011.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

-5-